DAVID M. MATTHEWS v. THE GENERAL MUTUAL INSURANCE COMPANY OF NEW YORK.

The policy of insurance, and the adjustment of losses thereon, even if subscribed by the party to be charged, are not negotiable. If they are assigned, the assignee takes them subject to all equitable defences against the assured.

An adjustment signed by the insurer in ignorance of frauds practised by the assured which would avoid the policy, may be set aside.

Where fraud is set up to avoid a policy, the better practice, probably, would be to specify the mode and circumstances of the fraud with particularity.

APPEAL from the First District Court of New Orleans, Larue, J. Collins, for plaintiff. Briggs, for defendant and appellant.

SPOFFORD, J. The plaintiff alleges that he is the bona fide holder of a promissory note, whereby the agents of defendants bound themselves to pay Mrs. Virginia Thompson, the sum of $1875, on the 29th of March, 1852 ; that Mrs. Thompson transferred the said note before maturity, and for value, to one Smith, who afterwards transferred it to the petitioner ; that it was protested for non-payment at maturity ; that it was given for certain losses by fire which had been insured against by the defendants, and afterwards adjusted by their agents at the sum which the note called for; and that all these facts will appear from the policy, adjustment, note and protest, annexed to the petition.

We have searched the record in vain for any trace of the promissory note described in the petition.

There is a policy of insurance with endorsements transferring the interest of the assured, (apparently without the written assent of the company,) first to

*Smith*, and then to the plaintiff, and there is a notarial protest not of the note, but for an amount said be due on the policy of insurance.

There is also what is styled an "adjustment" endorsed on the policy assessing the losses at the sum sued for; but it appears to have been altogether an *ex parte* affair; it is sworn to by the husband and agent of Mrs. *Thompson*, but not subscribed by the company or its agents.

Perhaps this is a clerical omission, as the clerk in his minutes speaks of the plaintiff offering in evidence, an "adjustment *signed* by *Ed. Ogden*, agent;" but it is the business of the clerk to certify copies of documents, not to state their contents; the instrument itself, as copied by him on this record, does not verify the fact he has chosen to state, and we can therefore pay no attention to the statement.

A diminution of the record has not been suggested.

Under these circumstances, we should have been obliged to non-suit the plaintiff, who obtained a judgment in the court below, but the defendants and appellants only ask that the cause be remanded. Probably the interests of justice will be best subserved by acceding to this request.

The Judge *a quo* refused to hear the testimony offered by the defendants to prove that their liability under the policy was discharged by the fraudulent conduct of *Virginia Thompson*, under one of the clauses thereof.

To this refusal, the defendants took a bill of exceptions.

We think the Judge erred.

The policy, and the adjustment of losses thereon, even if subscribed by the party to be charged, are not negotiable. If they are assigned, the assignee takes them subject to all equitable defences against the assured. An adjustment signed by the insurer, in ignorance of frauds practiced by the assured which would avoid the policy, may be set aside. In this case, the defendants' answer denied every allegation of the petition, except that they signed the policy of insurance in favor of *Virginia Thompson;* they specially denied that they were in anywise liable under said policy, either to the plaintiff or any other person, having been released from all responsibility under the policy, by the fraudulent conduct of the party in whose favor it issued.

Under the English practice, which has certainly not often been more indulgent than ours, the plea of the general issue to an action on a policy of insurance, was formerly sufficient to let in evidence of illegality, misrepresentation, breach of warrantees, or almost every matter which would discharge underwriters. 2 Arnould, Insurance, p. 1286. By the new rules of pleading framed and adopted in the King's Bench, in 1834, matters showing the transaction to be void or voidable, on the ground of fraud, must be specially pleaded. In the present case, notice of an intention to prove fraud on the part of the assured, was given in defendants' answer. Probably it would have been better to specify the mode and circumstances of the fraud with more particularity. But if the plaintiff was surprised by the evidence offered, the discretion of the court of the first instance, could have afforded him relief by granting a continuance.

It is therefore ordered, that the judgment of the District Court be annulled, avoided and reversed; and that this cause be remanded for a new trial according to law. It is further ordered and decreed, that the plaintiff and appellee, pay the costs of this appeal.

Rehearing refused.