**GULF FINANCE AND SECURITIES CO. v. ATLAS ASSURANCE CO., Appellant**

---

(July 19, 1926 Opinion and Decree.)
(August 16, 1926. Rehearing Refused.)

---

1. **Louisiana Digest—Insurance—Par. 175, 181.**

In order to recover on a policy of insurance against theft of an automobile the plaintiff must establish with reasonable certainty that the automobile was stolen.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Gulf Finance and Securities Co. against Atlas Assurance Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Spencer, Gidiere, Phelps & Dunbar, Sumter D. Marks, Jr., of New Orleans, attorneys for plaintiff, appellee.

St. Clair Adams, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. By an act before L. P. Beard, notary, dated October 26, 1921, the N. O. Motor Company sold to Frank Di Giorgio a Ford chassis car, motor No. 5,366,660.

The price of sale was $665.65, of which the purchaser paid cash $221.89 and for the balance, $443.76, he furnished twelve notes of $36.98 each, payable to the order of the Automobile Finance and Securities Company on the 26th of November, 1921, and on the 26th day of each of the next ensuing eleven months, the last note payable on October 26, 1922; that petitioner acquired nine of said notes, the first payable on February 26, 1922, and the last in October, 1922, all secured by mortgage on said automobile; all of which are due and unpaid.

That on October 27, 1921, the Atlas Assurance Company, defendant herein, insured the said automobile in favor of said Frank Di Giorgio, loss if any payable to the Automobile Finance and Securities Co., now the Gulf Finance and Securities Co., to the extent of $480.00 against "theft, robbery or pilferage", "excepting the wrongful conversion, embezzlement, or secretion" by said Di Giorgio.

That on February 20, 1922, the said automobile was stolen from Di Giorgio by persons unknown; that at the instigation of the defendant, plaintiff filed suit against Di Giorgio to seize said auto and to secure payment of said notes at a cost so far of $11.00; but plaintiff was unable to find said auto.

That the defendant denies liability on the ground that said auto was not stolen.

Plaintiff concludes by praying judgment against the defendant for $332.82 with interest costs, etc., and for $11.00.

The defendant admitted the insurance, admitted that Di Giorgio had reported the theft of the car, admitted that it had denied liability, but denied all the other allegations of the petition, especially the allegation that the auto had been stolen.

There was judgment in favor of plaintiff and defendant has appealed.

We have seen that the insurance of the defendant is against theft, "excepting the wrongful conversion, embezzlement, or secretion by" Di Giorgio; whatever would debar Di Giorgio from recovery against the insurance company would likewise debar the party to whom the loss is payable. Matthews vs. General Mutual Ins. Co., 9 La. Ann. 590.

The burden was upon the plaintiff, therefore, to prove that the auto had been stolen, since that was the condition of the defendant's policy and liability.

The plaintiff attempted to make that proof by the testimony of two witnesses.

Frank Di Giorgio, the maker of the notes and the party insured, does "not understand very good English", and expresses himself in very bad English. He testified that the car was stolen from him on or about February 21, 1922; he and his wife and his mother-in-law on that night between 8 and 9 o'clock got into his car and visited Cantana and Muso, friends of theirs, at their home, 833 St. Claude street; they all came from Sicily and had known each other there; when Giorgio bought the car it was a truck and he turned it into a touring car in January, 1922; it bore the number 5,366,660; when they went into

Muso's house they left the car outside; when they came out it was gone. He went around the block with Cantana and Muso to make search for the auto.

Antonio Muso says that he is a shoe-maker, at No. 932 N. Rampart; when he got back at his home, 833 St. Claude, he saw the car in front of the door and when he walked in he saw Giorgio and his wife and baby; they remained there about a half hour; he had not seen him for al-most a year; and when they went out the car was missing; the car that was stolen was a touring car and had never been a truck. This witness says nothing of Giorgio's mother-in-law, nor of Cantana.

Frank Cantana says that when Giorgio came to his house he was at the front door; Giorgio was in an auto; he left it outside. He was asked:

"Q. Was it there when he came outside afterwards?
"A. Yes, sir; it was there."

No other questions were put to him nor was he cross-examined.

All these three witnesses testified through interpreters.

The plaintiff produced no other evidence of the theft of the car. Neither Giorgio's wife nor his mother-in-law who, Giorgio says, were in the car with him, was produced as witnesses.

We must take in consideration the fact that Giorgio is an interested witness. If the plaintiff convinces the court that the car was stolen and thus wins its suit, the defendant will be made to pay Giogio's notes; and if the car was not stolen, Gior-gio will be richer by one car.

On the other hand, the defendant proves that on March 7, less than two weeks after the plaintiff alleges the car was stolen, an insurance adjuster called at the place of business of Giorgio on a mission of in-vestigation, and there examined a car in his possession which was a touring car that had been changed from a truck; the number on the car was 4,366,651; but there was no doubt that the first number, "4", and the last two numbers, "51", had been substituted for three original numbers which had been erased and altered; the other numbers were intact. The erasure and substitution are not contested.

Nor can they be because the car stolen and the one in possession of Giorgio are both of the same year models, which is impossible, considering the numbers of the two cars.

Asked when he acquired this second auto, Giorgio produced an act of sale dated March 7, 1922, eleven days after the alleged theft, from one "Mike Capone" to him of one Ford touring auto, No. 4,366,651 for $300.00 cash, being the same car Capone acquired from the N. O. Motor Car Co., August 25, 1921.

Being asked where Capone lived Giorgio answers: "I do not know."

"Q. Have you ever seen the man again from whom you purchased the car?
"A. No, sir, I never saw him."

Nor does it appear that the plaintiff made any effort to summon Capone or any one of the two witnesses to the act of sale, or any officer of the N. O. Motor Car Co. to establish the reality of either one of the two alleged sales.

Another circumstance that weakens Giorgio's claim is the fact that he sold this so-called Capone car some time before the trial of this case; but he does not know the name of the purchaser, nor his address, nor the date of the sale. All

this after he had been told that certain number on the car had been effaced and others substituted in their place.

Objection was made to the admission in evidence by the defendant of the testimony of C. W. Smith, taken under commission, on various grounds. We do not consider it necessary to pass upon the objections, as we are of the opinion that plaintiff has not made out a case.

We are of the opinion that the plaintiff has failed to establish with sufficient certainty that the automobile was stolen.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at its cost.